212 F.Supp.2d 1094 (2002)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant,
v.
GROUP HEALTH PLAN, Respondent.
No. 4:02MC0004 SNL.
United States District Court, E.D. Missouri, Eastern Division.
June 14, 2002.
*1095 Robert G. Johnson, Barbara A. Seely, St. Louis, MO, for plaintiff.
Alene V. Haskell, David L. Schenberg, Husch and Eppenberger, LLC, St. Louis, MO, for defendant.

MEMORANDUM OPINION
LIMBAUGH, Senior District Judge.
This matter is before the Court on an action for enforcement of a subpoena duces tecum. On January 4, 2002, the Equal Employment Opportunity Commission (EEOC) filed an application for order to show cause why a subpoena should not be enforced. On January 7, 2002, the Court issued a show cause order. Respondent, Group Health Plan (GHP), filed an objection to the enforcement of the subpoena, and a hearing was set for February 22, 2002 on the matter. The parties agreed that there was no need for an evidentiary hearing as there were no facts in dispute, but they did give oral arguments on their respective positions on February 22, 2002. The parties then filed further memoranda.

Background
The EEOC is a federal agency responsible for the investigation of Charges alleging that employers have committed employment discrimination in violation of the Americans With Disabilities Act (ADA). On May 30, 2001, Sandra Shifrin filed a charge with the EEOC alleging that GHP had committed unlawful employment discrimination against her in violation of the ADA. She alleged that GHP had discriminated against her in connection with the health insurance plan under which she received coverage as a dependent of her husband.[1] Her husband received the health *1096 insurance benefits as a retiree of McDonnell Douglas Corporation. On July 12, 2001, the charge was amended to substitute Eugene Shifrin, Mrs. Shifrin's husband, as the Charging Party.[2]
The EEOC served notice of the original charge, and later the amended charge, on respondent. In furtherance of the investigation of this charge, on August 7, 2001, the Commission issued and served upon GHP a subpoena duces tecum requiring GHP to produce certain documents on August 17, 2001. Respondent subsequently submitted to the Commission a Petition to Revoke or Modify Subpoena. On October 31, 2001, the EEOC issued a Determination denying the petition. Respondent did produce some of the documents requested, but to date, has not fully complied with the subpoena.
Mrs. Shifrin previously filed a lawsuit against GHP in state court, and GHP removed the action to federal court asserting federal jurisdiction based upon the Employee Retirement Security Act (ERISA). GHP asserted that ERISA preempted Mrs. Shifrin's claims, and this Court agreed. See Shifrin v. Group Health Plan, Inc., Case No. 4:01CV735-SNL (E.D.Mo. June 25, 2001). Mrs. Shifrin subsequently dismissed her cause of action.[3]

Discussion
The EEOC must show that its investigation is for a legitimate purpose authorized by Congress and that the subpoenaed documents are relevant to its inquiry before the Court can enforce the subpoena. EEOC v. Peat, Marwick, Mitchell & Co., 775 F.2d 928, 930 (8th Cir.1985). The EEOC issued the subpoena to GHP pursuant to its investigative authority under the ADA. The agency's authority under the ADA extends only to investigate Charges alleging employment practices covered by the ADA. 42 U.S.C. § 12117(a), incorporating 42 U.S.C. § 2000e-5, 2000e-8.
GHP argues that the face of the EEOC Charge makes it clear that the allegations do not involve employment practices covered by the ADA, and therefore, the EEOC's subpoena is not enforceable. GHP argues that the EEOC lacks jurisdiction to investigate this matter because the Charging Party was not, at the time he filed the Charge, an employee; there was no employment relationship between the Charging Party and respondent; and, the Charging Party lacked standing to assert a Charge based upon discrimination against his spouse. The EEOC responds by stating that GHP's jurisdictional argument is premature, and that as long as the EEOC makes a plausible argument in support of its jurisdiction, an administrative subpoena must be enforced.
The Court disagrees that GHP's jurisdictional argument is premature. The EEOC relies on Peat, Marwick which held that the EEOC could investigate the factual question of whether individuals that respondent classified as "partners" fell within the definition of "employees" for purposes of the ADEA. 775 F.2d 928, 930. The instant action is distinguishable because the parties have agreed that there is no factual dispute. Unlike the facts in Peat, Marwick, the EEOC is not seeking information to determine whether it has jurisdiction, but rather, it is seeking information related to the merits of the underlying Charge. Accordingly, the Court will address each of GHP's jurisdictional arguments.

*1097 I. Whether Former Employees Are Covered Under the ADA
The ADA makes it unlawful for an employer to "discriminate against a qualified individual with a disability because of that disability." 42 U.S.C. § 12112(a). The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Therefore, the ADA protects disabled individuals who can perform the essential functions of the employment position.
GHP asserts that Mr. Shifrin, the Charging Party, lacks standing under the ADA as a retiree because he was neither a job applicant, nor a current employee at the time of the alleged discrimination. In other words, he is not an individual who "holds or desires" an employment position, only current employees or job applicants would fit that description. The EEOC responds by stating that the protection of federal employment discrimination laws extends to former employees. It relies on the United States Supreme Court decision that held that Title VII's prohibition against retaliation protects former employees. Robinson v. Shell Oil Co., 519 U.S. 337, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997).
The Eighth Circuit has not ruled on whether former employees are covered under the ADA; however, it did address the issue under the Rehabilitation Act. Beauford v. Father Flanagan's Boys' Home, 831 F.2d 768 (8th Cir.1987). In Beauford, the court recognized that discrimination in the handling of health benefits for former disabled employees unable to perform the essential functions of their jobs is an undesirable thing. Id. at 773. However, the court held that § 504 of the Rehabilitation Act[4] did not provide protection from such discrimination. Id. at 769, 773. It found that the statutory language extended its protection only to the ambit of a potentially functional employment relationship. Id. at 772.
The Eleventh Circuit, Seventh Circuit and Sixth Circuit subsequently relied on the Beauford decision and its analysis in determining that former employees are not protected by Title 1 of the ADA. See Gonzales v. Garner Food Servs., Inc., 89 F.3d 1523, 1530 (11th Cir.1996)[5]; EEOC v. CNA Ins. Cos., 96 F.3d 1039, 1045 (7th Cir.1996); Parker v. Metropolitan Life Ins., 99 F.3d 181, 186 (6th Cir.1996)[6]. The *1098 language used in the Rehabilitation Act, and relied on by the Eighth Circuit in its analysis, is almost identical to the language used in the ADA. The Court finds that the Eighth Circuit's reasoning in Beauford applies to the instant action, and governs the Court's decision unless the subsequent Supreme Court decision in Robinson overrules Beauford.
The Supreme Court decided Robinson in 1997, and the issue in the case was whether the petitioner, in a Title VII action, could bring suit against his former employer for post employment actions allegedly taken in retaliation for petitioner's having filed a charge with the EEOC. 519 U.S. at 339, 117 S.Ct. 843. Section 704(a) of Title VII makes it unlawful "for an employer to discriminate against any of his employees or applicants for employment" who have availed themselves of Title VII's protection. The Supreme Court held that the term "employees" as used in Title VII is ambiguous as to whether it includes former employees. Id. at 343, 117 S.Ct. 843. The Court focused on the lack of any "temporal qualifier" in § 704 and in Title VII's definition of "employee." Id. at 341-42, 117 S.Ct. 843. Title VII defines "employee" as "an individual employed by an employer." The Court held that "employed" could mean "is employed" or "was employed." Id. at 342, 117 S.Ct. 843.
Once the Supreme Court determined that "employees" was ambiguous in Title VII as to whether it included former employees, the Court then turned to the "primary purpose of antiretaliation provisions." Id. at 346, 117 S.Ct. 843. The Court ultimately held that former employees are included within § 704(a)'s coverage, because that holding was more consistent with the broader context of Title VII and the primary purpose of § 704(a). Id. at 346, 117 S.Ct. 843.
The Circuit Courts of Appeals are split on the issue of what effect Robinson has on the question of whether former employees are covered under the ADA. Compare Morgan v. Joint Admin. Bd., 268 F.3d 456, 457-58 (7th Cir.2001) (holding that Robinson did not affect its earlier ruling that retired employees are not protected by the ADA), and Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1111-12 (9th Cir.2000) (distinguishing Title 1 of the ADA from the section of Title VII at issue in Robinson), with Ford v. Schering-Plough Corp., 145 F.3d 601, 607 (3rd Cir.1998) ("Our impetus for this conclusion [ ] comes from the Supreme Court's Robinson decision allowing former employees to sue under Title VII"), and Castellano v. *1099 City of N.Y., 142 F.3d 58 (2nd Cir.1998) (support for our conclusion can be found in the Supreme Court's recent decision in Robinson). The Court agrees with the Seventh and Ninth Circuits that Robinson does not affect prior court rulings that former employees are not protected under the ADA.
Title VII does not contain the language of "qualified individual," but rather it applies to "any individual." See Morgan, 268 F.3d at 458. The language used in Title I of the ADA, unlike the language in Title VII, is unambiguous because Title I does have a "temporal qualifier." See Weyer, 198 F.3d at 1111. A "qualified individual" is one who "can perform the essential functions of the employment position that such individual holds or desires." This definition uses the present tense, and simply cannot be interpreted as applying to former employees without completely ignoring the language used in the definition. The Second and Third Circuit have held that in light of Robinson, former employees are protected by the ADA, but their interpretation of the ADA contradicts the plain language of the statute.[7] It is clear that the ADA only protects current employees or applicants who hold or desire a position. It does not include former employees who previously held a position, but who no longer can or will perform the essential functions of the position.
The Court finds that the subsequent Robinson decision does not overrule the Eighth Circuit's decision in Beanford. The Robinson opinion only confirmed what the majority of the Circuits were holding, and that is that former employees have the right to bring retaliation claims under Title VII for post employment actions.[8]See Robinson, 519 U.S. at 340 n. 1, 117 S.Ct. 843. The Robinson opinion did not address the ADA, and the language of Title I of the ADA is significantly different than the section of Title VII at issue in Robinson. Accordingly, the Court is bound by the Eighth Circuit's opinion in Beauford, and the ADA does not cover Mr. Shifrin's Charge.

II. Whether GHP Qualifies As an Employer Under the ADA
Even if Mr. Shifrin was a "qualified individual," GHP cannot be held liable under the ADA because it is not, and never was, Mr. Shifrin's employer. The ADA prohibits any "covered entity" from discriminating against a qualified individual. 42 U.S.C. § 12112(a). "Covered entity" is defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12112(2). GHP is simply one of several Claims Administrators. See Shifrin v. Group Health Plan, Inc., Case No. 4: 01CV735-SNL (E.D.Mo. June 25, 2001). An administrator of an employer's health plan is not a "covered entity" for purposes of the ADA. See Weyer, 198 F.3d at 1104; see also, Peters v. Wayne State Univ., 691 *1100 F.2d 235, 238 (6th Cir.1982) (insurance company providing services to employer and its employees is not an "employer" for the purposes of Title VII), vacated on other grounds, 463 U.S. 1223, 103 S.Ct. 3566, 77 L.Ed.2d 1406 (1983).

III. Whether Charging Party Has Claim for Denial of Benefits to Spouse
Even if Mr. Shifrin was a "qualified individual" and GHP was a "covered entity," Mr. Shifrin still has no claim under the ADA because he does not allege in his Charge any discriminatory act against him, but rather he alleges discrimination against his wife. The EEOC asserts that Mr. Shifrin has a claim for discrimination on the basis of association. The ADA provides that the term "discriminate" includes the "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4).
However, most courts who have addressed this issue, have determined that the employee must allege a specific, separate and distinct injury in order to have standing under the ADA. See Glass v. Hillsboro School Dist. 1J, 142 F.Supp.2d 1286 (D.Or.2001); Niemeier v. Tri-State Fire Protection Dist., No. 99 C 7391, 2000 WL 1222207 (N.D.Ill. Aug.24, 2000); Simenson v. Hoffman, No. 95 C 1401, 1995 WL 631804 (N.D.Ill. Oct.24, 1995). The employee cannot rely only on the denial of benefits to a disabled family member. Mr. Shifrin did not allege a separate and distinct injury, and therefore, cannot bring a suit based on his wife's denial of coverage.

Conclusion
The EEOC must show that its investigation is for a legitimate purpose authorized by Congress. The agency's authority under the ADA extends only to investigate Charges alleging employment practices covered by the ADA. Mr. Shifrin's Charge does not allege employment practices covered by the ADA. Mr. Shifrin is a retiree, and the ADA does not protect former employees, only current employees or job applicants. Mr. Shifrin's Charge is against GHP, and GHP is not a covered entity under the ADA. Finally, Mr. Shifrin's Charge alleges discrimination against his spouse, not himself. In order to have an ADA claim for discrimination on the basis of association, Mr. Shifrin had to allege a separate and distinct injury which he did not do.
The Court still finds that ERISA is the proper claim for this cause of action.[9] The circumstances surrounding this action simply are not addressed by the ADA. Therefore, the Court must deny the EEOC's request to enforce the subpoena, because the EEOC's investigation is not for a legitimate purpose authorize by Congress.

ORDER
Pursuant to the memorandum opinion entered this day,
IT IS HEREBY ORDERED that the EEOC's request for enforcement of a subpoena duces tecum is DENIED.
NOTES
[1] GHP denied Mrs. Shifrin authorization for a particular ovarian cancer treatment program at the M.D. Anderson Cancer Center in Houston, Texas, finding that the treatment was experimental and thus excluded from coverage under the Shifrin's insurance plan.
[2] Mr. Shifrin has subsequently passed away since his filing of the EEOC Charge.
[3] Respondent asks that we take judicial notice of the Court's orders in the previous action, and the Court will grant that request.
[4] Section 504 of the Rehabilitation Act extended its coverage only to "otherwise qualified handicapped individuals" which was interpreted as "one who is able to meet all of a program's requirements in spite of his handicap." The relevant regulations provided that "Qualified handicapped person" meant "a handicapped person who, with reasonable accommodation, can perform the essential functions of the job in question." Beauford, 831 F.2d at 771.
[5] Gonzales was overruled by a three judge panel in Johnson v. K Mart Corp., 273 F.3d 1035 (11th Cir.2001). However, the panel's opinion was vacated, and it was ordered that the action be reheard by the Eleventh Circuit en banc. Kmart subsequently filed Chapter 11 bankruptcy, and the Eleventh Circuit ordered that no decision will be rendered in the action until the bankruptcy court grants relief from the automatic stay or the stay lapses. Johnson v. K Mart Corp., 281 F.3d 1368. Accordingly, Gonzales is still good law in the Eleventh Circuit.
[6] Parker v. Metropolitan Life Ins. was heard by a three judge panel, and the opinion was vacated when set for rehearing en banc. See 107 F.3d 359 (6th Cir.1997). However, the rehearing was not sought on the Title I, ADA employment claim, and the en banc court specifically did not address this portion of the panel's opinion. See Parker v. Metropolitan Life, Ins. Co., 121 F.3d 1006, 1009 n. 2. Although, the procedural history of Parker is a little confusing, the Court finds that Sixth Circuit law clearly follows the premise that former employees are not protected under the ADA. The district court in Parker held that plaintiff, as a former employee, did not have standing to sue under Title I of the ADA. Parker v. Metropolitan Life, Ins. Co., 875 F.Supp. 1321, 1326 (W.D.Tenn.1995). The three judge panel affirmed the district court's decision to dismiss plaintiffs Title I claim, but reversed on plaintiff's Title III claim. Parker, 99 F.3d 181. The panel agreed with the district court's analysis of the Title I claim. 99 F.3d at 185-86. Rehearing was then sought only as to the panel's decision to reverse on plaintiff's Title III claim, however, the panel's decision appears to be vacated in its entirety. See, 121 F.3d at 1009 n. 2, and 107 F.3d at 359. The en banc decision did not address the Title I claim, but affirmed the district court's judgment on all counts. 121 F.3d at 1019. This Court assumes that the Sixth Circuit's decision affirming the district court's judgment on the Title I claim, implicitly affirms as well, the panel's decision on this issue. The Court also notes that despite the apparent vacating of the entire panel's opinion, other Circuits have cited to the panel decision in Parker stating that it was either "rev'd on other grounds," or "aff'd." See Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1109 n. 11 (9th Cir.2000) (thoroughly examining the panel's decision though reversed on other grounds); Castellano v. City of N.Y., 142 F.3d 58, 66 (2nd Cir.1998) (citing that the panel's decision was affirmed en banc).
[7] The Second Circuit held that a "qualified individual with a disability" includes former employees with a disability who could perform the essential functions of the employment position for "a period sufficient to establish entitlement to an employer-related fringe benefit." Castellano, 142 F.3d at 69. The Third Circuit interpreted "qualified individual with a disability" to include "disabled former employees, no longer able to work with or without reasonable accommodations." Ford, 145 F.3d at 608. These interpretations clearly contradict the language used in the ADA.
[8] Prior to the Robinson decision, the law in the Seventh and Eleventh Circuits was that former employees could bring claims of retaliation under Title VII, but not under Title I of the ADA. These Circuits distinguished Title VII from Title I in their decisions holding that former employees were not covered under the ADA. See EEOC v. CNA Ins. Cos., 96 F.3d at 1045; Gonzales, 89 F.3d at 1527-29.
[9] Other courts have suggested that these issues are addressed in ERISA. See Weyer, 198 F.3d at 1112 (ERISA addresses fringe benefits for people not included in the definition of "qualified individual"); CNA Ins., 96 F.3d at 1044 (plaintiff "raises a different kind of discrimination claim, more grist for the ERISA mill or the national health care debate than for the ADA").